UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------

UNITED STATES OF AMERICA,

v.

GEURY CRUZ,

Defendant.

19-CR-795 (SHS)

ORDER

SIDNEY H. STEIN, U.S. District Judge.

On December 14, 2020, defendant Geury Cruz pleaded guilty to using, carrying or possessing, or aiding and abetting in the use, carrying, or possession of a firearm in connection with a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(i) and 2. That crime arose out of his participation in a drug conspiracy involving members of a chapter of the Trinitarios gang known as "Teka Third." (Indictment, ECF No. 2; Gov't's Opp'n at 1, ECF No. 109; Tr., ECF No. 229.) The Court has denied Cruz' previous requests for bail, and he is currently detained in the Metropolitan Correctional Center in New York (the "MCC"). Cruz now moves for reconsideration of the Court's denial of his prior bail applications. (Def.'s Mot., ECF No. 216.)

In support of his motion, Cruz asserts that "[u]nder 18 U.S.C. § 3145(c), this Court can release [him] because there are exceptional reasons why his detention is not appropriate and there is clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released." (Def.'s Mot. at 1, ECF No. 216.) Cruz contends that his "severe asthma, a long-term condition that he has had since childhood," history of smoking, and BMI of 28.1, in conjunction with the risk of COVID-19 infection at the MCC constitute "exceptional reasons" justifying his release on bail. (Def.'s Mot. at 2-3, ECF No. 216.) He further contends that his "strong family ties," limited criminal history, and lack of prior convictions for violent acts constitute "clear and convincing evidence" that he "would not be a flight risk or a danger to the community." (Def.'s Mot. at 1, ECF No. 216.)

The Court disagrees. 18 U.S.C. § 3145(c) specifies that "[a] person subject to detention pursuant to section 3143(a)(2) . . . and who meets the conditions of release set forth in section 3143(a)(1) . . . may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). To meet the section 3143(a)(1) conditions, the Court must "find[] by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community." 18 U.S.C. § 3143(a)(1).

Regardless of whether Cruz' asthma, BMI, and the risk of COVID-19 infection at the MCC constitute "exceptional reasons" to release him under 18 U.S.C. § 3145(c), this Court has already determined that it cannot find, by clear and convincing evidence, that Cruz is not likely to flee or pose a danger to the safety of any other person or the community. In doing so, the Court carefully considered the same information that Cruz presents in his most recent motion; namely, his family ties, his criminal history, his health conditions, and the risk of COVID-19 infection at the MCC.

The Court first denied bail on November 21, 2019, finding that Cruz failed to rebut the statutory presumptions set forth in 18 U.S.C. § 3142(e)(3)(A) and (B) that he is a danger to the community and risk of flight. (Tr., ECF No. 131.) The Court noted its concern both that Cruz had two prior bench warrants and that the government's evidence showed that Cruz had possession of and access to a firearm. (Tr. at 5, 12-13, ECF No. 131.)

After the Court denied Cruz release on bail, he filed a motion for reconsideration of that determination in March 2020. (Def.'s Mot., ECF No. 105.) Cruz alleged that his "severe and chronic asthma" in conjunction with the "outbreak of COVID-19 at the MCC" were compelling reasons justifying his temporary release from custody pursuant to 18 U.S.C. § 3142(i). (Def.'s Mot. at 1, ECF No. 105.) Cruz further noted his "strong family ties" and the fact that he "has not been charged with committing any violent acts in this case" as reasons supporting a determination that he posed neither a danger to the community nor a flight risk. (*Id.*)

On April 6, the Court held argument on that motion via teleconference. (Tr., ECF No. 125.) The Court noted its concern that Cruz posed a danger to the community, considering the "history of violence" in his record and the fact that Cruz participated in a "brutal beating" of another inmate at the MCC on February 11, 2020. (Tr. at 5, 19, ECF No. 125.) Considering these factors, the Court found that "the danger to the community and risk of flight is quite serious compared to the presence of [Cruz'] childhood asthma" and denied bail once again. (Tr. at 19, ECF No. 125; Order, ECF No. 116.) A few days later, Cruz asked for reconsideration of the Court's April 6 decision to deny bail. (Def.'s Mot., ECF. No. 119.) After considering the supplemental information annexed to Cruz' motion, including his medical records showing a history of asthma and smoking, the Court again denied Cruz' motion. (Order, ECF No. 120.)

Cruz' most recent motion does not contain any information that warrants reconsideration of the Court's three prior determinations that detention is appropriate in this case. Because the Court does not find clear and convincing evidence that Cruz is neither a flight risk nor poses a danger to the community, Cruz' motion for reconsideration of the Court's denial of his request for release on bail is hereby denied.

Dated:  New York, New York
        January 22, 2021

SO ORDERED

_____
SIDNEY H. STEIN
U.S.D.J.